# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| Armina Patton<br>163 Edgewood Dr<br>Perrysburg, OH 43551 | : | Case No.: |
| | : | Judge: |
| Plaintiff, | : | |
| | : | |
| vs. | : | **PLAINTIFF'S COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| Scheer, Green and Burke, CO., L.P.A.<br>an Ohio company,<br>c/o Michael Burke<br>237 Spitzer Bldg<br>Toledo, OH 43604 | : | |
| | : | |
| Defendant. | : | |

1

NOW COMES THE PLAINTIFF, ARMINA PATTON, BY AND THROUGH COUNSEL, who, for her Complaint against the Defendant, pleads as follows:

## VENUE

1. The transactions and occurrences that give rise to this action occurred in Perrysburg, in Wood County, Ohio.

2. Venue is proper in the Northern District of Ohio, Western Division as the Plaintiff resides in Wood County, Ohio.

## PARTIES

3. Armina Patton ("Patton") is an individual residing in Perrysburg, Ohio in Wood County.

4. Scheer, Green and Burke, Co. L.P.A. is an Ohio company that maintains a registered agent in Toledo, Ohio.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt which is a Judgment allegedly owed by Ms. Patton to Toledo Radiological Association (the alleged "Debt").

6. In August 2015, Toledo Radiological Association, through Defendant, filed a lawsuit against Ms. Patton regarding the alleged Debt and the case number was CVF1501134.

7. In February 2016, Defendant obtained a Judgment against Ms. Patton in the amount of $154.74 in the case with case number CVF1501134.

8. On or about April 13, 2016, a Certificate of Judgment was filed and the case was transferred from case number CVF1501134 to CVH-16-05319.

9. On or about April 19, 2016, Defendant sought and was issued a garnishment in the amount of $319.24 against Huntington National Bank regarding the Judgment.

10. On or about April 19, 2016, Defendant sought and was issued a garnishment against Plaintiff's employer, Bowling Green State University, in the amount of $370.74 regarding the Judgment.

11. On or about May 2, 2016, Huntington National Bank paid $228.67 toward the alleged Debt pursuant to the garnishment.

12. On or about June 1, 2016, Garnishee Defendant, Bowling Green State University paid $370.74 toward the alleged Debt pursuant to the garnishment.

13. On or about July 27, 2016, Ms. Patton appeared in court and advised the Judge that the Debt was overpaid by way of the garnishments, and the court issued an order releasing the garnishments and advising Ms. Patton to contact Defendant's office of the overpaid funds.

14. Shortly thereafter and in July 2016, Ms. Patton contacted Defendant's office several times in an attempt to recover the overpaid funds. After many phone calls, she spoke with a representative who advised that if she overpaid the alleged Debt, Defendant would send her a check.

15. To date, Ms. Patton has not received any refund check from Defendant.

16. Defendant violated Ms. Patton's rights under the Fair Debt Collection Practices Act, causing her emotional distress, costs, and attorneys' fees.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount or legal status of the debt. Defendant misrepresented the amount of the Debt by collecting more money from Plaintiff than what was owed;

   b. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant violated this provision by collecting more money from Plaintiff than what was owed;

   c. 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt. Defendant violated this provision by collecting more money from Plaintiff than what was owed and not returning the funds Plaintiff overpaid toward the alleged Debt; and

   d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by collecting more money from Plaintiff than what was owed and not returning the funds Plaintiff overpaid toward the alleged Debt.

22. Plaintiff has suffered emotional damages, including stress, anxiety, and irritation, and general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff asks this Court to enter judgment in her favor as follows:

a. Actual damages;

b. Damages for pecuniary, economic and emotional damages and loss;

c. Costs of the action;

d. Statutory attorney's fees; and

e. Any additional relief deemed appropriate by the Court.

Respectfully submitted,

/s/ *Robert LaForce*
Robert LaForce,
Attorney at Law
Supreme Court of Ohio Registration #0020778
10870 Tanglewood Tr.
Concord Twp., OH 44077
Tel: (440) 352-0761
roblaforce@hotmail.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury.

/s/ *Robert LaForce*
Robert LaForce