UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Armina Patton,                                              Case No. 17-cv-833

    Plaintiff

v.                                                          MEMORANDUM OPINION

Scheer, Green and Burke Co., LPA,

    Defendant

## I. INTRODUCTION

Before me is Plaintiff Armina Patton's unopposed motion for default judgment against Defendant Scheer, Green and Burke Co., LPA ("SGB"). (Doc. No. 7).

## II. BACKGROUND

On April 18, 2017, Patton filed suit against SGB, claiming a violation of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1). The claim is based on $154.74 owed by Patton to Toledo Radiological Association pursuant to a judgment entry against Patton in February 2016. *Id.* at 2. SGB attempted to collect the amount by issuing two garnishments – the first in the amount of $319.24 against Huntington National Bank and the second in the amount of $370.74 against Patton's employer, Bowling Green State University. *Id.* at 2-3. Huntington National Bank paid $228.67 toward the debt; Bowling Green State University paid $370.74. *Id.* at 3. After learning of the overpayment, Patton appeared in court where the judge ordered the garnishments be released and advised Patton to contact SGB directly to recover the overpaid funds. *Id.* In July 2016, Patton contacted SBG and was told that a check would be sent to her in the amount of the overpaid funds. *Id.* As of the date of the complaint, she had not received the check. *Id.* Though SGB was served with the complaint on May 16, 2017, it has failed to timely file an answer to the complaint. (Doc.

No. 5). Patton now seeks default judgment on the claim in the amount of $3,166.00 – $1,000.00 in statutory damages, $400.00 in costs, and $1,766.00 in attorney's fees. (Doc. No. 7).

### III. STANDARD

Federal Rule of Civil Procedure 55 governs both entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Upon application of Patton, the clerk entered default against SGB on June 16, 2017. (Doc. Nos. 4, 5).

The clerk's office may enter a default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). Patton seeks damages under a federal statute that permits the court to exercise discretion in awarding damages within a specified range. (Doc. No. 7); *see also* 15 U.S.C. § 1692k. Because Patton's claim is not for a sum certain, the court must determine whether to grant the motion for default judgment. *See* FED. R. CIV. P. 55(b)(2).

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. Pro. 8(b)(6). "Where damages are unliquidated a default admits only [the] defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (*quoting Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), *cert. denied*, 464 U.S. 818 (1983)).

### IV. DISCUSSION

Patton asserts SGB's conduct in pursuing and collecting an amount greater than the amount owed violated the FDCPA. Specifically, Patton alleges SGB violated: (1) 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the debt; (2) 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect more than the amount of the debt owed; and (3) § 1692f(1) by collecting an amount greater than that authorized. Taking the facts asserted in the complaint as admitted by

2

SGB, I find SGB to be a debt collector who has violated the FDCPA and is liable to Patton for damages.

The FDCPA provides that a debt collector who violates any part of the Act is liable to the individual,

> in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
> …; and
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a). Patton does not request actual damages, but instead moves for the full $1,000 available in statutory damages, along with costs and attorney's fees totaling $2,166.00. Since Patton is successful in this action, I award her $400.00 in costs – the value of the filing fee for this action. (Doc. No. 7-2). Further, after reviewing the calculation of attorney's fees, I find the amount reasonable and award $1,766.00, accordingly.

To determine the amount of statutory damages to award, the FDCPA directs the court to consider, "among other relevant factors…, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Relevant to this situation is the fact that, knowing Patton owed only $154.74, SGB sought a total of $689.98 – $319.24 from Huntington National Bank and $370.74 from Bowling Green State University. SGB collected a total sum of $599.41 from the two garnishment, $444.67 more than the amount owed by Patton. SGB did not immediately return the amount overpaid to Patton and, even after being notified of the overpayment, had still not returned the amount as of the date the complaint was filed. Because SGB intentionally sought to and did collect more than the amount owed – a violation it has made no attempt to remedy by returning the funds – I award Patton $1,000.00 in statutory damages, as requested.

3

V.  Conclusion

For the foregoing reasons, I enter default judgment against SGB and find it liable to Patton for $1,000 in statutory damages, $400.00 in costs, and $1,766.00 in attorney's fees. (Doc. No. 7).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge